UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEPHANIE BARTHOLOMEW

                                        Plaintiff,

        -v-                                        1:07-CV-1268

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                              OF COUNSEL:

PETER M. MARGOLIUS, ESQ.
Attorney for Plaintiff
7 Howard Street
Catskill, NY 12414

OFFICE OF REGIONAL GENERAL COUNSEL     SIXTINA FERNANDEZ, ESQ.
SOCIAL SECURITY ADMINISTRATION REGION II
Attorneys for Defendant
26 Federal Plaza Room 3904
New York, NY 10278

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

        Plaintiff Stephanie Bartholomew ("plaintiff" or "Bartholomew") brought this action

pursuant to §§ 205(g) & 1631(b)(3) of the Social Security Act, as amended, 42 U.S.C. §§

405(g) & 1383(c)(3), to review a final determination of the Commissioner of Social Security

denying the plaintiff's claim for Social Security Disability benefits beginning with her alleged

onset date of September 14, 2004.  Bartholomew was awarded benefits beginning January

25, 2006.  The parties have filed their briefs, including the Administrative Record on Appeal, and the matter has been submitted for decision without oral argument.

## II.  BACKGROUND

Bartholomew filed an application for disability benefits on September 30, 2004, claiming a period of disability beginning on September 14, 2004.  Her claims were denied on February 22, 2005.  She filed a request for a hearing on April 13, 2005, and a hearing was held before an Administrative Law Judge ("ALJ") on June 12, 2006.  The ALJ rendered a decision on August 18, 2006, denying plaintiff's claim as to the period prior to January 25, 2006.  As noted above, her claims were approved beginning January 25, 2006.  Plaintiff appealed the portion of the ALJ's decision denying her claims, and on October 26, 2007, the Appeals Council declined further review of the ALJ's decision.  Thus, the ALJ's decision became the final decision of the Secretary.

## III.  DISCUSSION

### A.  Standard of Review

The scope of a court's review of the Commissioner's final decision is limited to determinating whether decision is supported by substantial evidence and the correct legal standards were applied.  Poupore v. Astrue, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam) (citing Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir. 2002).; Martone v. Apfel, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (citing Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987)).  "Substantial evidence means 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Poupore, 566 F.3d at 305 (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S. Ct. 206, 217 (1938)).  "To determine on appeal whether an ALJ's findings are supported by substantial

evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (citing Universal Camera Corp. v. NLRB, 340 U.S. 474, 488, 71 S. Ct. 456, 464 (1951)).  If the commissioner's disability determination is supported by substantial evidence, that determination is conclusive.  Id.

However, "where there is a reasonable basis for doubting whether the Commissioner applied the appropriate legal standards," the decision should not be affirmed even though the ultimate conclusion reached is arguably supported by substantial evidence. Martone, 70 F. Supp. 2d at 148 (citing Johnson, 817 F.2d at 986).

A reviewing court may enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g); see Martone, 70 F. Supp. 2d at 148.  "Remand is appropriate where there are gaps in the record or further development of the evidence is needed," such as where new, material evidence has become available.  42 U.S.C. § 405(g); Martone, 70 F. Supp. 2d at 148 (citing Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980)).  A remand for rehearing directing the taking of additional evidence is warranted only if it is shown that new, material evidence "'and that there is good cause for the failure to incorporate such evidence into the record'" at the administrative hearing.  Carroll v. Sec'y of Health & Human Servs., 705 F.2d 638, 643-44 (2d Cir. 1983) (quoting 42 U.S.C. § 405(g), as amended in 1980)).  Remand may also be appropriate if the Commissioner "misapplies the law or failed to provide a fair hearing."  Id. at 644.  However, where the underlying administrative decision is not supported by substantial evidence, reversal is appropriate

because there would be no useful purpose in remanding the matter for further proceedings. Id. (reversing and remanding solely for calculation of benefits, subject to determination by the district court of any motion by the agency to remand to consider new evidence); Parker, 626 F.2d at 235 (reversing and remanding solely for calculation and payment of benefits); Simmons v. United States R.R. Ret. Bd., 982 F.2d 49, 57 (2d Cir. 1992) (same); Williams, 859 F.2d at 261 (same).

### B. Disability Determination - The Five Step Evaluation Process

The Social Security Act defines "disability" to include the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In addition, the Act requires that a claimant's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

Id. § 423(d)(2)(A).

The Administrative Law Judge ("ALJ") must follow a five step evaluative process in determining whether an individual is disabled. See 20 C.F.R. §§ 404.1520, 416.920. In the first step the ALJ must determine whether the claimant is engaging in substantial gainful activity. If the claimant is engaging in substantial gainful activity he is not disabled and he is not entitled to benefits. Id. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged is substantial gainful employment, then step two requires the ALJ to determine whether the claimant has a severe impairment or combination of impairments which significantly restricts his or her physical or mental ability to perform basic work activities.  Id. §§ 404.1520(c), 416.920(c).  If the claimant is found to suffer from a severe impairment, then step three requires that the ALJ determine whether the impairment meets or equals an impairment listed in Appendix 1 of the regulations. Id. §§ 404.1520(d), 416.920(d); see also id. Part 404, Subpt. P, App. 1.  If so, then the claimant is "presumptively disabled."  Martone, 70 F. Supp. 2d at 149 (citing Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984)); 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the claimant is not presumptively disabled, step four requires the ALJ to assess whether the claimant's residual functional capacity ("RFC") precludes the performance of his or her past relevant work.  20 C.F.R. §§ 404.1520(f), 416.920(f).

If the opinion of a treating physician is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record'" it is given significant weight.  Poupore, 566 F.3d at 307 (quoting 20 C.F.R. § 404.1527(d)(2)).  However, where the treating physician's opinion is not supported by medical evidence, it is not entitled to significant weight.  Id.

The burden of proof with regard to the first four steps is on the claimant.  Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996); Ferraris, 728 F.2d at 584.

If it is determined that claimant cannot perform past relevant work, the burden shifts to the agency for the fifth and  final step.  Perez, 77 F.3d at 46.  This step requires the agency to examine whether the claimant can do any type of work.  20 C.F.R. §§ 404.1520(g), 416.920(g).  The regulations provide that "factors such as a claimant's age, education, and

previous work experience" should be evaluated to determine whether a claimant has the residual functional capacity to perform work in any of five categories of jobs: very heavy, heavy, medium, light, and sedentary."  Perez, 77 F.3d at 46 (citing 20 C.F.R. § 404, Subpt. P, App. 2).  "[T]he Commissioner need only show that there is work in the national economy that the claimant can do; he need not provide additional evidence of the claimant's residual functional capacity."  Poupore, 566 F.3d at 306.

A claimant may seek review of an adverse decision by the ALJ from the Appeals Council.  Perez, 77 F.3d at 44.  If review is granted, the decision of the Appeals Council is the final decision of the Commissioner.  Id.  If review is denied, then the final decision is that of the ALJ.  Id.  The final decision is judicially reviewable pursuant to 42 U.S.C. § 405(g).

## IV. ANALYSIS

The ALJ determined that Bartholomew had not engaged in substantial gainful activity since September 14, 2004.  He also determined that since September 14, 2004, she suffered from the severe impairments of Multiple Sclerosis ("MS"), degenerative changes in the cervical spine, disc herniations in the thoracic spine, and left hip trochanteric bursitis.  However, plaintiff's impairments did not meet or exceed a listed impairment.  Therefore, she could not be considered "presumptively disabled."

Because plaintiff was not presumptively disabled, the ALJ proceeded to evaluate her RFC in relation to her prior relevant work.  Bartholomew had performed past relevant work of legal secretary and office keyboard worker, classified as sedentary work.  The ALJ determined that prior to January 25, 2006, plaintiff could perform her past relevant work.

If this determination by the ALJ is supported by substantial evidence, then the final determination of the Commissioner must be affirmed.  Bartholomew was hospitalized with

abdominal and chest spasms, urinary retention, and lower extremity weakness.  (R. 178-97.)
Radiologic testing showed brain legions, disc bulge at C7-T1, disc protrusion at T7-8,
herniated disc at T11-12, resulting in a diagnosis of relapsing and remitting MS in March
2004.  Id. at 178-83, 188-94, 365-67.

After her release from the hospital in March 2004, she returned to work until
September 2004.

She first saw her treating neurologist Dr. Neil Lava in April 2004.  Id. at 222-24.
Although mostly normal, he noted slightly decreased rapid alternating movements, as well as
hypersensitivity, of the right lower extremity.   Id. at 223.  He also noted numbness on
plaintiff's right lower extremity except for the lateral calf.  Plaintiff reported good energy during
the day but some late-day fatigue, intermittent numbness in her hands, muffled hearing,
occasional tinnitus, muscle spasms in her feet, tremors in her hands, occasionally choking on
food (when talking and eating at the same time), urinary urgency, and incontinence.  Id.  Her
gait was normal and she did not have any headaches, vision problems or breathing
problems.  Id.  Dr. Lava stated:  "Despite her reported symptoms she has a benign clinical
exam today."  Id.  At this time she was employed full time, exercised through physical
therapy, and played golf once a week.

In August 2004 she complained of muscle weakness and aching in her hips, knees,
ankles, and back.  Id. at 205.  She reported being very active in fund-raising for her
daughter's sports activities, being in the hot sun all of July and not getting much rest.  Id.
She had no change in swallowing or vision.  Her strength, reflexes, rapid alternating
movements, sensations, and gait were normal.  Id.

In October 2004 Bartholomew was seen by the nurse practitioner in Dr. Lava's office.  Id. at 218-19.  Her pain was improved, as was the numbness in her hands.  Id.  at 218.  She needed to nap due to fatigue and noted some right side weakness and slurred speech when fatigued.  Id.  However, she denied headaches, vision changes, dizziness, vertigo, and bowel pattern changes.  Id.  She no longer suffered from incontinence.  Id.  Physical examination revealed the same normal strength, reflexes, rapid alternating movements, sensations, and gait as were noted in August 2004.  Id.  She continued with decreased light touch in the right lower extremity, id., as was noted at her initial visit in April 2004.

According to a state psychological evaluation by Brett. T. Hartman, Psy.D. on October 21, 2004, plaintiff could count, perform calculations, and recall objects.  Id. at 239-44.  She could follow and understand simple directions and instructions, and could learn new tasks and make appropriate decisions.  Id. at 242-43.  She had an associate's degree plus additional college work and could communicate in English.  Id. at 239.  However, plaintiff had a mild limitation in her activities of daily living; moderate limitation of social functioning; and mild limitation maintaining concentration, persistence, or pace; but had no decompensation.  Id. at 243.

According to her Function Report of December 30, 2004, id. 72-83, she was able to go to physical therapy twice a week, run errands, and clean house.  She indicated she was looking for part time work.  She cooked some meals, did laundry, and transported her two teenage daughters wherever they needed to go.  However, she needed help from her daughters sometimes for household work, she dropped things, could not lift heavy things, and could not rake or do other outside work.  Further, she had difficulty reading a book

because she could not retain focus.  Plaintiff needed to take narcotic pain medication and muscle relaxants as needed.

On March 16, 2005, plaintiff saw treating physician Dr. Victoria Michaels for hip pain.  Id. at 372-73.  She was given a cortisone injection.  Id.  Upon follow up on June 9, 2005, plaintiff's hip was improved.  Id. at 371.  Although her hip still ached, Bartholomew reported that the aching did not affect her daily activities.  Id.  Physical examination revealed good grip of both hands, good range of motion of wrists, elbows, shoulders, knees, and ankles.  Id.  Physical examination on follow up on August 26, 2005 indicated that plaintiff's hip was doing well, and she had good grip of both hands, good range of motion of wrists, elbows, shoulders, knees, and ankles.  Id. at 370.

Throughout the summer of 2005[1], plaintiff had some flare of symptoms, but no clear  exacerbations of her MS, and on September 14, 2005, her treating neurologist Dr. Neil Lava determined to wait a few months before obtaining an MRI.  Id. 336-37.  She had some decrease in functionality in the lower extremities, very slight decrease in functionality in the upper right extremity, muscle tension, spasticity, and paraesthesias, but her gross muscle strength, reflexes, and gait remained normal.  Id.

The foregoing record medical evidence, in conjunction with plaintiff's past relevant work as a secretary, her associate's degree, and her mild to moderate non-exertional limitations, constitute substantial evidence that she could perform her past relevant work.

---

[1]  The ALJ noted that plaintiff was admitted to a detoxification unit on June 29, 2005, due to crack cocaine use.  According to Bartholomew, she increased her use of alcohol and drugs after her diagnosis and progressed to daily use of cocaine in May 2005.  Id. at 412.  In June 2005 she voluntarily entered into a rehabilitation facility.  Id.  She was discharged on July 26, 2005, then remained in a halfway house until May 2006.

Thus, the ALJ's determination that plaintiff was not disabled until January 25, 2006, is conclusive.

## V.  CONCLUSION

Substantial evidence supports the Commissioner's final decision that Bartholomew was not disabled prior to January 25, 2006.  Further, there is no argument that an incorrect legal standard was applied.

Accordingly, it is

ORDERED that

1.  The Commissioner's motion for judgment on the pleadings is GRANTED; and

2.  The complaint is DISMISSED in its entirety.

The Clerk of the Court is directed to enter judgment accordingly.


IT IS SO ORDERED.

_____
United States District Judge


Dated:  May 25, 2010
          Utica, New York.